IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

04 - 80665   CIV-DIMITROULEAS / TORRES

TODD AUGENBAUM,

       Plaintiff,

v.

ROBERT GENOVESE, ENDEAVOR
CAPITAL GROUP, LLC, BG CAPITAL
GROUP LTD., and SPECTRUM SCIENCES          **COMPLAINT**
AND SOFTWARE HOLDINGS CORP.,

       Defendants.                             JURY TRIAL DEMANDED

_____/

Plaintiff, by his attorneys, alleges, as follows:

## INTRODUCTION

1.    This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. §78p(b)] ("Section 16(b)") to obtain disgorgement of short-swing insider trading profits realized by defendants Robert Genovese, Endeavor Capital Group, LLC and BG Capital Group Ltd. (collectively referred to as the "Defendants") statutory insiders of Spectrum Sciences and Software Holdings Corp. ("Spectrum" or the "Company.")

2.    Defendants beneficially owned more than 10% of the outstanding common stock of Spectrum. In addition, Robert Genovese ("Genovese") acted as an officer and director of the Company.  Therefore, Genovese was a statutory insider of Spectrum, and, as such, is presumed to have had access to material non-public information concerning Spectrum's operations and future business prospects.  Section 16(b) seeks to prevent market manipulation by requiring such insiders to disgorge any profits they earn through short-swing insider trading (*i.e.*, purchases and

sales within a six month period).  Section 16(b) is a strict liability claim concerned with the potential for the misuse of inside information rather than the actual misuse of such information.

## PARTIES

3.     Plaintiff Todd Augenbaum is a resident of the State of New York and is a shareholder of Spectrum Sciences and Software Holdings Corp.

4.     Defendant Robert Genovese resides in the State of Florida.  Genovese's business address is 2424 North Federal Highway, Boca Raton, Florida 33431.

5.     Defendant Endeavor Capital Group, LLC ("Endeavor"), a limited liability corporation existing under the laws of the State of Florida, maintains its principal offices at 2424 North Federal Highway, Boca Raton, Florida 33431.  Endeavor is owned by Genovese.

6.     Defendant BG Capital Group ("BG Capital"), a Bahamian Corporation, maintains its principal offices at Slot # 2000 A.P. 59233, Nassau, Bahamas.  Robert Genovese is the President of BG Capital.

7.     Defendant Spectrum Sciences and Software Holdings Corp., a corporation formed under the laws of the State of Delaware, maintains its principal offices at 91 Hill Avenue NW, Fort Walton Beach, Florida 32548.  The Company's common stock is registered with the SEC pursuant to Section 12 of the Exchange Act and its common stock ("Common Stock") trades on the Over The Counter Bulletin Board under the symbol SPSC.  This action is brought by plaintiff in order to obtain a recovery for the Company.

## JURISDICTION AND VENUE

8.     Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].  Venue is properly laid in this District because Genovese and Endeavor are located in this District and a substantial part of the events giving rise to the claims set forth herein occurred in this District.

## CLAIM FOR RELIEF

### Genovese, Endeavor and BG Capital Were
### Statutory Insiders Within The Meaning Of Section 16(b)

9.    Defendants, directly or indirectly, acted together as a group with respect to acquiring, holding, voting or disposing of Spectrum equity securities.  This concerted action was facilitated through, among other things, the common management of the entities by Genovese, who is the President of BG Capital and, according to a Form 10-Q filed by the Company with the Securities and Exchange Commission ("SEC") on May 24, 2004, the owner of Endeavor.

10.    As such, Defendants are each the beneficial owner of the shares of Spectrum common stock beneficially owned by the others pursuant to provisions of the rules promulgated by the SEC under Section 13(d) of the Exchange Act, including without limitation, Rule 13d-3 and Rule 13d-5, which also govern the determination of beneficial ownership for purposes of Section 16 pursuant to Rule 16a-1(a)(1) promulgated by the SEC.

11.    On or about March 11, 2004, Genovese entered into an agreement to provide consulting services to the Company (th "Consulting Agreement"").  As part of that Agreement, Genovese was granted options to purchase nine million (9,000,000) shares of common stock at an exercise price of the lesser of $1.65 or the fair market value of the shares at the time of exercise.  According to a Form 10-Q filed with the SEC on December 3, 2003, on November 12, 2003, Spectrum had 18,851,000 shares of Common Stock outstanding.  Consequently, Defendants beneficially owned in excess of 10% of the outstanding Common Stock.

12.    In addition, although Genovese has not been officially appointed as either an officer or a director of Spectrum, in a letter dated March 19, 2004 to Spectrum's Board of Directors, Donald R. Myrick ("Myrick"), Spectrum's founder, resigned from his position as chief executive officer and alleged, among other things, that for over one year Genovese controlled Spectrum and directed its actions and was, therefore, an officer of Spectrum.

3

13.     Also, in a Form 8-K filed with the SEC on March 12, 2004, the Company disclosed that in December 2002, the board of directors of the Company's principal operating subsidiary, Spectrum Sciences and Software, Inc. (the "Operating Company") was authorized to pay up to approximately $100,000 per month for corporate expenses on Genovese's personal American Express account.  Furthermore, the Operating Company was responsible to Genovese for other expenses incurred by him in connection with management assistance which as of February 27, 2004, purportedly totaled $652,653.47.  Therefore, at all relevant times, Genovese was, in fact, an officer or a director of Spectrum within the meaning of Section 16(b).

### Defendants Purchase Spectrum Common Stock

14.     On or about April 16, 2004, Genovese and the Company amended the Consulting Agreement and pursuant to that amendment, granted Genovese an option to purchase an additional nine million (9,000,000) shares of Common Stock at an exercise price of the lesser of $1.95 or, sixty percent (60%) of the closing price of the Common Stock on the day immediately preceding the notice to exercise, as well as, another option to purchase 5,000,000 shares of Common Stock at an exercise price of the lesser of $1.65 or the fair market value of the shares at the time of exercise.

15.     Defendants are believed to have additional liability under Section 16(b) based upon additional purchases and sales of Company common stock while a statutory insider of Spectrum.  In its Form 10-K the Company further disclosed that in the first quarter of 2004 that it intended to enter into a subscription agreement with BG Capital pursuant to which the Company would sell 1,000,000 shares of Company's Series A 10% convertible preferred stock in exchange for BG Capital's forgiveness of $200,000 of the principal of a $450,000 promissory note payable to BG Capital.  However, the amount and timing of those transactions as well as any sales which are matchable to those purchases are not yet known by plaintiff.

**<u>Defendants Sell and Profit From Trading Spectrum Common Stock</u>**

16.     Coinciding with the Company's relationship with Genovese, Spectrum regularly released positive announcements to the investing public regarding its business prospects, to wit:

◆     December 10, 2003 - record 3rd quarter sales of $3,287,609, and record sales for the first nine months of 2003 to $10,003,999;

◆     January 7, 2004 - award of a multi-year contract from the Department Of Defense, totaling over $3.7 million;

◆     January 21, 2004 - completion of a significant debt restructuring with its principal lender;

◆     January 23, 2004 - SafeRange' Licensing Agreement with German Government for $150,000;

◆     February 5, 2004 - New Critical Contracts Totaling $265,000 in Direct Support of New Global War on Terrorism;

◆     February 24, 2004 - award of a Department of Defense contract to complete a combat-critical facility;

◆     March 3, 2004 - awarded a contract to provide support for the United States Air Force's Air Armament Center on critical development projects; and

◆     March 30, 2004 - United States Navy Selects Spectrum Sciences for Crucial International Contract.

17.     At the same time Spectrum's stock was hitting new highs on an almost daily basis, as follows:

◆     January 28, 2004, $2.030 per share;

5

- February 25, 2004, $2.290 per share;

- March 10, 2004, $2.64 per share;

- April 15, 2004, $3.06 per share; and

- April 28, 2004, $3.99 per share.

18.     During that time, within six months of the purchases alleged above, Genovese is believed to have sold millions of shares of Common Stock at prices in excess of their purchase price yielding millions of dollars of profits recoverable under Section 16(b).

19.     In its Form 10-Q filed with the SEC on May 24, 2004, the Company disclosed that as of March 30, 2004 Genovese had exercised 2,800,000 of the options at a price of $1.65 per share.

20.     On May 25, 2004, the New York Times reported that the Company said that through May 21, Genovese had exercised options for 21.2 million shares and that it appears that he sold the shares in the over-the-counter bulletin board market as rapidly as he acquired them. Volume in April came to more than 116 million shares, and more than 35 million have traded so far in May.

## ALLEGATIONS AS TO DEMAND

21.     On May 3, 2004, plaintiff, acting through his counsel, wrote to the Board of Directors of Spectrum demanding that it bring an action against the Defendants based on the facts alleged above.  The Company has failed to recover nor has it instituted a lawsuit to recover the short-swing profits alleged herein.

## BASIS FOR INFORMATION AND BELIEF

18.     The basis for plaintiff's information and belief to the extent not specified above is

6

based upon a review of documents filed with the SEC relating to Spectrum, including the following: (i) Form 10-Q filed by Spectrum with the SEC on or about May 24, 2004; (ii) Form 8-K filed by Spectrum with the SEC on or about April 20, 2004; (iii) Form 10-K filed by Spectrum with the SEC on or about April 14, 2004; (iv)) Form 8-K filed by Spectrum with the SEC on or about March 30, 2004; and (v) Form 8-K filed by the Company with the SEC on or about March 12, 2004.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the Defendant in an amount to be determined at trial, plus attorneys' fees, pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

DATED this 16th day of July, 2004.

LERACH COUGHLIN STOIA
& ROBBINS LLP

By: _David J. George_

Paul J. Geller
Florida Bar No. 984795
Email: pgeller@lcsr.com
David J. George
Florida Bar No. 0898570
Email: dgeorge@lcsr.com
Robert J. Robbins
Florida Bar No. 0572233
Email: rrobbins@lcsr.com
197 South Federal Highway
Suite 200
Boca Raton, Florida 33432
(561) 750-3000 Telephone
(561) 750-3364 Facsimile

Counsel for Plaintiff

OF COUNSEL:

Jack G. Fruchter
Jeffrey S. Abraham
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Pennsylvania Plaza, Suite 1910
New York, New York 10119
Telephone: (212) 279-5050

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TODD AUGENBAUM

**DEFENDANTS**
ROBERT GENOVESE, ENDEAVOR CAPITAL GROUP, LLC, BG CAPITAL GROUP LTD, and SPECTRUM SCIENCES AND SOFTWARE HOLDINGS CORP.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF - Howard Beach, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT - Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
**Paul J. Geller**
**David J. George**
**Lerach Coughlin Stoia & Robbins LLP**
**197 S. Federal Highway, SUITE 200,**
**BOCA RATON, FL 33432 (561) 750-3000**

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:  DADE,   MONROE,   BROWARD,  (PALM BEACH),  MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS   SEMINOLE

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☒ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury — Med. Malpractice | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 365 Personal Injury — Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | Habeas Corpus: | | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Est. 10 days

15 U.S.C. §78p(b) - disgorgement of short-swing insider trading profits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  7/16/04

SIGNATURE OF ATTORNEY OF RECORD
David George

FOR OFFICE USE ONLY
RECEIPT # 720867   AMOUN $150.00   APPLYING IF   JUDGE WPD   MAG. JUDGE 667