FILED by _____ D.C.

ELECTRONIC

**Jul 19 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-Civ-80665 Dimitrouleas/Torres

TODD AUGENBAUM,

     Plaintiff,

v.

ROBERT GENOVESE, BG CAPITAL
GROUP LTD., AND SPECTRUM SCIENCES
AND SOFTWARE HOLDINGS CORP.,

     Defendants.

_____ /

**PLAINTIFF'S NOTICE OF CONTINUING ATTEMPT TO SERVE DEFENDANT
ROBERT GENOVESE PURSUANT TO HAGUE CONVENTION
AND RESPONSE TO COURT'S MAY 20, 2005 ORDER**

Plaintiff Todd Augenbaum ("Plaintiff") hereby files this Notice of Continuing Attempt to

Serve Defendant Robert Genovese ("Genovese") Pursuant to Hague Convention and Response to

Court's May 20, 2005 Order, and states as follows:

     1.     On May 16 2005, Plaintiff filed a Notice of Attempt to Serve Defendant Robert

Genovese Pursuant to Hague Convention and Response to Court's March 23, 2005 Order to Show

Cause (the "May 16th Notice").  The May 16th Notice stated that, despite Plaintiff's best efforts,

Plaintiff had been unable to serve Genovese either in the United States or in the Bahamas.

     2.     On May 20, 2005, this Court entered an Order Granting Enlargement of Time to

Serve Genovese (the "May 20th Order").  The May 20th Order stated that Plaintiff would have until

Case No. 04-Civ-80665 Dimitrouleas/Torres

July 19, 2005 to serve Genovese, either in the United States or in the Bahamas.  The May 20th Order further stated that should service not be accomplished by July 19, 2005, Plaintiff would be required to show cause why the Complaint against Genovese should not be dismissed, without prejudice.

3.      Since the May 20th Order, Plaintiff has and continues to diligently pursue his efforts at serving Genovese in the Bahamas pursuant to the terms of the Hague Convention and Federal Rule of Civil Procedure 4(f).  The July 15, 2005 Affidavit of Celeste Ingalls ("Ingalls"), attached hereto as Exhibit 1 (the "Affidavit"), states that Plaintiff's foreign process server has made numerous attempts to contact the Bahamian authorities, but has received no response.

4.      Accordingly, Plaintiff is maintaining his efforts to serve Genovese pursuant to the terms of the Hague Convention and Rule 4(f) of the Federal Rules of Civil Procedure, but is unable to provide this Court with an expectation as to when such service may be accomplished.  Plaintiff respectfully suggests that this Court should not dismiss this action against Genovese because doing so would simply reward his efforts at seeking to evade service of process.

5.      Despite the ongoing difficulties in serving Genovese, Plaintiff diligently continues to prosecute this action against defendant BG Capital Group, Ltd. ("BG Capital"), which is owned and operated by Genovese.  For example, in the May 16th Notice, Plaintiff informed the Court that Plaintiff and BG Capital had entered into settlement discussions which, if successful, would provide for settlement of all the claims raised in this action.

6.      Since the May 16th Notice, Plaintiff and BG Capital have continued their settlement negotiations and reached an agreement in principal to settle this action.  Indeed, Plaintiff and BG Capital are currently in the process of drafting and negotiating the terms of a settlement agreement

- 2 -

Case No. 04-Civ-80665 Dimitrouleas/Torres

that will resolve all issues in this action.  Plaintiff anticipates completing this process shortly and will advise the Court immediately following execution of an agreed upon settlement agreement.

7.      Further, although Rule 4(m) of the Federal Rules of Civil Procedure imposes a 120-day deadline for service of the Amended Complaint, Rule 4(m) does not apply to service of a defendant in a foreign country pursuant to the Hague Convention.  "The exception in Rule 4(m) for service in a foreign country that places that class of cases outside the 120-day time constraint applies even if there has been no attempt at service of the summons and the complaint within the 120-day period."  4B Wright & Miller, FED. PRAC. & PROC.: CIV. 3D § 1137 (2004 Supp.) (internal citations omitted).

8.      Indeed, "[c]ourts and commentators have also found that service pursuant to Rule 4(f) is not subject to the 120 day period of Rule 4(m) and the trend of courts it to find that the 120 day period does not apply even if the plaintiff makes no attempt to serve within the period."  *In re S1 Corp. Sec. Litig.*, 173 F. Supp. 2d 1334, 1343-44 (N.D. Ga. 2001) (denying motion to dismiss for insufficient process) (citing 4B Wright & Miller, FED. PRAC. & PROC.: CIV. 2D § 1134 (2001 Supp.); *Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991) ("We find the controlling language of Rule 4(m) so clear that it allows no latitude for interpretation"); *Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 61 (E.D. Pa. 1995) ("***[W]e cannot dismiss the Complaint under Rule 4(m) because that deadline does not apply to foreign service***") (emphasis added); *Cargill v. Ferrous Int'l, a Div. of Cargill, Inc. v. M/V Elikon*, 154 F.R.D. 193, 196 (N.D. Ill. 1994) ("So long as service is in accord with Rule 4(f), it is not subject to the 120-day time limit for service")); *see also Turpin v. Mori Seiki Co., Ltd.*, 56 F. Supp. 2d 121, 128-29 (D. Mass 1999) (refusing to dismiss case for

- 3 -

Case No. 04-Civ-80665 Dimitrouleas/Torres

defective service and retaining case pending proper service in foreign country, stating an exception to the 120-day time limit has been carved out for service upon defendants in foreign countries).

WHEREFORE, in light of Plaintiff's and BG Capital's agreement to settle this action, Plaintiff respectfully requests that this Court grant Plaintiff a 30 day extension of time to continue to attempt to serve defendant Genovese in the Bahamas pursuant to the terms of the Hague Convention and Federal Rule of Civil Procedure 4(f).  In addition, should Plaintiff learn that Genovese has returned to the United States, Plaintiff respectfully requests leave to serve Genovese in the United States.

DATED: July 19, 2005

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432-4946
(561) 750-3000 Telephone
(561) 750-3364 Facsimile


_/s/ Robert J. Robbins_
David J. George
Florida Bar No. 0898570
dgeorge@lerachlaw.com
Robert J. Robbins
Florida Bar No. 0572233
rrobbins@lerachlaw.com

**ABRAHAM FRUCHTER and TWERSKY LLP**
Jack G. Fruchter*
Mitchell M.Z. Twersky*
One Penn Plaza, Suite 2805
New York, NY  10119
(212) 279-5050 Telephone

_Counsel for Plaintiff Todd Augenbaum_

_* Admitted Pro Hac Vice_

- 4 -

Case No. 04-Civ-80665 Dimitrouleas/Torres

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

this 19th day of July, 2005, to the following:

Lori Smith-Lalla
SQUIRE, SANDERS & DEMPSEY, L.L.P.
One Brickell Square
801 Brickell Avenue, PHII
Miami, FL  33131-2317
Tel:  (305) 577-8700
Fax:  (305) 358-1425

James P. Murphy
James P. Wehner
SQUIRE, SANDERS & DEMPSEY, L.L.P.
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20044-0407
Tel:     (202) 626-6600
Fax:     (202) 626-6780

*Counsel for Spectrum Sciences and
   Software Holding Corp.*

Richard C. Seavey
ZUCKERMAN SPAEDER LLP
201 S. Biscayne Blvd.
Miami, FL  33131
Tel:     (305) 358-5000
Fax:     (305) 579-9749

Graeme W. Bush
R. Miles Clark
ZUCKERMAN SPAEDER LLP
1201 Connecticut Avenue, NW
Washington, D.C.  20036
Tel:     (202) 778-1800
Fax:     (202) 822-8106

*Counsel for Defendant BG Capital Group Ltd.*

_____*/s/ Robert J. Robbins*_____
Robert J. Robbins

- 5 -

`JUL-15-05  09:47    FROM-Crowe                        +5032223960        T-185  P.002    F-033`

# AFFIDAVIT OF CELESTE INGALLS

**COURT:**   **UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CAPTION:**   **TODD AUGENBAUM, Plaintiff**

   **v.**

   **ROBERT GENOVESE, et al., Defendants**

**Cause No.**   **04 CV 80665 Dimitrouleas/Torres**

**OREGON**                          )
                                    ) ss..
**County of Multnomah**             )

   I declare that I, Celeste Ingalls, am a citizen of Oregon, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and I specialize in the service of civil process in foreign countries; and

2. The United States and Bahamas are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention); and

3. In accordance with Rule 4 (f)(1), of the Federal Rules of Civil Procedure, service outside the United States shall be subject to the provisions of the Hague Service Convention; and

4. Under the provisions of the Hague Service Convention, the Attorney General in Nassau has been designated as the Central Authority for the Bahamas, and is the entity authorized to receive and effect service of judicial documents in accordance with the Hague Service Convention; and

5. On December 10, 2004, I forwarded to the Central Authority in Nassau, Bahamas, the Alias Summons and Amended Complaint, to be served upon **Robert Genovese**, in accordance with the Hague Service Convention; and

6. On January 10, 2005, I received information from the Central Authority in Nassau, Bahamas, that the aforementioned service had not yet been effected and there may be a problem with the address provided for Mr. Genovese; and

---

Affidavit of Celeste Ingalls
Service upon: Robert Genovese                                           Page 1 of 2



EXHIBIT
1

7. On February 24, 2005, I requested status on the aforementioned service from the Central Authority in Nassau, Bahamas and have not yet received a response; and

8. No signatory nation is obligated under the Hague Service Convention to provide status with respect to service of documents in its possession; and

9. The Hague Service Convention does not impose an obligatory time frame; and

10. It has been my continuous experience that the turnaround time for effected service in Bahamas under the Hague Service Convention is approximately three months, but has occasionally exceeded five months; and

11. On April 14, 2005, I sent a written request for status on the aforementioned service to the Attorney General in Nassau, Bahamas (Central Authority); and

12. On April 25, 2005, I telephone the offices of the Central Authority in Nassau, Bahamas and was told that I needed to speak with "Mrs. Denise Saunders" (in the office of the Director of Legal Affairs, Attorney General of Nassau) to obtain status on the aforementioned service; and

13. On the following dates, I attempted to telephone Mrs. Saunders for status and received "voice mail" each time, and on each occasion I left a message indicating status was required on the aforementioned service:
    May 2, 2005
    May 9, 2005
    May 18, 2005
    May 30, 2005
    June 13, 2005
    June 28, 2005
    July 1, 2005
    July 14, 2005

14. As of today, July 15, 2005, I have received no response from the Central Authority in Nassau, Bahamas regarding the status of the service in progress upon **Robert Genovese** in accordance with the Hague Service Convention.

*Celeste Ingalls*

SUBSCRIBED AND SWORN to before me this 15th day of July, 2005.

OFFICIAL SEAL
COURTNEY CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 359964
MY COMMISSION EXPIRES JULY 31, 2006

Notary Public for Oregon

Affidavit of Celeste Ingalls
Service upon: Robert Genovese

Page 2 of 2