UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TODD AUGENBAUM,   CASE NO. 04-80665-CIV-DIMITROULEAS

    Plaintiff,

vs.

ROBERT GENOVESE,
BG CAPITAL GROUP, LTD.,
and SPECTRUM SCIENCES AND
SOFTWARE HOLDINGS CORP.,

    Defendants.
_____/

FILED by ___ D.C.
AUG 30 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## ORDER DISMISSING DEFENDANT ROBERT GENOVESE WITHOUT PREJUDICE

THIS CAUSE is before the Court upon Plaintiff's Notice of Continuing Attempt to Serve Defendant Robert Genovese Pursuant to Hague Convention and Response to Court's May 20, 2005 Order. [DE-52]. The Court has carefully considered the Notice and is otherwise fully advised in the premises.

### I. BACKGROUND

On July 16, 2004, Plaintiff filed a Complaint to obtain disgorgement of short-swing insider trading profits realized by the Defendants. [DE-1]. Service was attempted on Robert Genovese ("Genovese") at two locations in Boca Raton, Florida. On or about October 8, 2004, the process server notified the Plaintiff that Genovese could not be located.[1] [DE-24]. However, Plaintiff commenced an effort to serve Genovese in the Bahamas on or about December 10, 2004. On December 15, 2004, Celeste Ingalls approximated the length of time to effectuate service in the Bahamas to be approximately three (3) months but to occasionally exceed five (5)

---

[1] Plaintiff waited almost three (3) months to notify this Court of the non-service.



months. [DE-31].

On January 4, 2005, Plaintiff filed a Notice of Attempt to Serve Defendant Robert Genovese under Hague Convention and Motion for Enlargement of Time. [DE-31]. On January 10, 2005, this Court allowed Plaintiff thirty (30) days to serve Genovese. The Court noted that the Order did not prevent Plaintiff's concurrent attempt to serve Genovese in a foreign country pursuant to Rule 4(f). However, the Court also stated that should service not be accomplished within thirty (30) days, Plaintiff should show cause why the Complaint against Genovese should not be dismissed without prejudice.

On February 9, 2005, Plaintiff filed a Notice of Continuing Attempt to Serve Defendant Robert Genovese Pursuant to Hague Convention and Response to Court's Order to Show Cause. [DE-36]. On February 17, 2005, this Court entered an Order which allowed Plaintiff until March 15, 2005 to serve Genovese either in the United States or in the Bahamas. [DE-38]. However, the Court stated that if Genovese was not served by that date, Plaintiff should show cause why Genovese should not be dismissed without prejudice. In a footnote to that Order, the Court mentioned that the failure to serve Genovese was delaying the progress of the rest of the case.

On March 15, 2005, Plaintiff filed a Notice of Continuing Attempt to Serve Defendant Robert Genovese Pursuant to Hague Convention and Response to Court's February 17, 2005 Order to Show Cause. [DE-40]. The March 15 Notice indicated that Plaintiff was unable to provide the Court with an expectation as to when service in the Bahamas might be accomplished. However, Plaintiff submitted another Affidavit of Celeste Ingalls, this one dated March 9, 2005, stating that the turnaround time for effected service in the Bahamas was approximately three (3) months but that it occasionally exceeded five (5) months. On March 23, 2005, this Court

allowed Plaintiff until May 15, 2005 to serve Genovese either in the United States or in the Bahamas. In that Order, the Court again stated that should Genovese not be served by that date, Plaintiff should show cause why this case against Genovese should not be dismissed without prejudice. [DE-43].

On May 16, 2005, Plaintiff filed a Notice of Continuing Attempt to Serve Defendant Robert Genovese Pursuant to Hague Convention and Response to Court's March 23, 2005 Order to Show Cause. [DE-47]. Accordingly, on May 20, 2005, this Court again granted an enlargement of time until July 19, 2005 to serve Genovese. [DE-48]. In that Order, the Court warned that it did not anticipate any further extensions of time to serve Genovese.

On July 19, 2005, Plaintiff filed yet another Notice of Continuing Attempt to Serve Defendant Robert Genovese Pursuant to Hague Convention and Response to Court's May 20, 2005 Order. [DE-52]. In that Notice, Plaintiff requested an additional thirty (30) days to serve Genovese pursuant to the terms of the Hague Convention. Additionally, Plaintiff indicated that the parties reached an agreement in principal to settle this action, and that the parties were in the process of drafting and negotiating the terms of a settlement agreement. However, as of the date of this Order, Genovese has not been served and a joint stipulation for dismissal has not been filed.

## II. DISCUSSION

Although a plaintiff must ordinarily serve the summons and complaint within 120 days of the filing of the complaint, the 120 day limitation does not apply to service in a foreign country under Rule 4(f) of the Federal Rules of Civil Procedure. In re S1 Corp. Sec. Litig., 173 F. Supp. 2d 1334, 1343 (M.D. Ga. 2001). However, "[t]his does not mean that the plaintiff enjoys an

unlimited amount of time to effectuate service." In re Teligent, Inc., 2004 WL 724945, at *3 (Bankr. S.D.N.Y. Mar. 30, 2004). A court may dismiss a case for failure to serve a foreign defendant within a reasonable time under the "flexible due diligence" standard. See In re Southold Dev. Corp., 148 B.R. 726, 730 (E.D.N.Y. 1992). Under the flexible due diligence standard, courts generally refuse to dismiss cases where the delay is in the range of two or three months unless the delay causes undue hardship or prejudice. Id.; Peters v. E.W. Bliss Co., 100 F.R.D. 341, 343 (E.D. Pa. 1983).

Although the Complaint in the instant case was filed on July 16, 2004, Genovese has yet to be served.[2] The Court has granted numerous extensions of time to serve Genovese, but there does not appear to be any progress towards that goal. On December 15, 2004, Celeste Ingalls indicated that the turnaround time for effected service in the Bahamas under the Hague Convention was "approximately three months, but has occasionally exceeded five months." [DE-31]. On March 15, 2005, Plaintiff submitted a March 9, 2005 Affidavit of Celeste Ingalls again indicating that the turnaround time for effected service in the Bahamas was between three (3) and five (5) months. [DE-40].

In a May 16, 2005 Notice, Plaintiff indicated that the "contact person" for service in the Bahamas was replaced and that the new director has been unavailable and unreachable. Plaintiff also acknowledged that he was unable to provide the Court with any expectation as to when service may be accomplished. [DE-47]. Moreover, in Plaintiff's most recent Notice, Plaintiff indicates that although he is maintaining efforts to serve Genovese, he is unable to provide the Court with an expectation as to when service may be accomplished. [DE-52].

---

[2]An Amended Complaint was filed on October 18, 2004. [DE-21].

III. CONCLUSION

Wherefore, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Robert Genovese is hereby **DISMISSED WITHOUT PREJUDICE**.

2.  The case shall remain pending as to all other Defendants.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30 day of August, 2005.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David J. George, Esquire
Jack Fruchter, Esquire
Lori G. Smith-Lalla, Esquire
Richard C. Seavey, Esquire
James P. Murphy, Esquire